GILBERT SMITH et ux. *v.* E. L. HARRIS.

**Supreme Court Practice — Presumption of Correctness of Decree of the Lower Court.**

A decree of the lower court will not be reversed in the Supreme Court unless the record affirmatively shows that injustice has been done, the presumption being that the court had sufficient reason for its action.[1]

**Same — Filing Answer Out of Time.**

An answer to a bill in chancery filed out of time should be stricken from the file on motion, but, on proper showing, leave to refile should be granted by the court upon reasonable terms.[2]

Appellee, E. L. Harris, filed the bill in this case against appellants in the Chancery Court of Tunica county, on February 21, 1886; summons was issued for the defendant March 31, 1886, returnable to rules on the first Monday in April, 1886, and duly served on defendants. Defendants did not answer the bill until the 19th day of May, 1886. The bill was filed to foreclose a mortgage given by defendants to complainant. The answer set up that the mortgage debt had been paid in full. No *pro confesso* decree had been taken when the answer was filed and no motion

---

**1**

1. The action of the court below is presumed correct, unless error is made manifest by the record. Byrd's Case, 1 How. 162.

2. This rule is of universal application with reference to courts of general jurisdiction, and recognized in every other court; there can be no reversal unless the record show error affirmatively. Grant *v.* Planters' Bank, 4 How. 326; Harris *v.* Newland, 5 How. 654; Briggs *v.* Clark, 7 How. 457; Abbott *v.* Hackman, 2 S. & M. 510; Ross *v.* Mims, 7 S. & M. 121; Green *v.* Creighton, 7 S. & M. 197; Long *v.* Shackleford, 3 Cush. 559; Stedman *v.* Holman, 33 Miss. 550; Pass *v.* McRea, 36 Miss. 143; Gale *v.* Lancaster, 44 Miss. 413.

3. The same rule applies to Probate Courts. Smith *v.* Berry, 1 S. & M. 321; Effinger *v.* Richards, 35 Miss. 540; Wells *v.* Smith, 44 Miss. 296; Scott *v.* Porter, 44 Miss. 265.

4. Although this court might have found differently, it will not reverse a decree on controverted facts, where it appears that the court may have fairly reached the conclusion it did. Davis *v.* Richardson, 44 Miss 499.

5. Such a decree is analogous to a verdict, and will not be disturbed, unless shown to be opposed to the preponderance of the testimony. Apple *v.* Ganong, 47 Miss. 189.

6. The presumption in favor of a decree includes conclusions both of law and fact. It will not be disturbed unless shown to be clearly wrong, being

had been made for a *pro confesso* decree. At the next regular term of the Chancery Court in October, 1886, complainant made a motion to strike the answer from the files on the ground that it was not filed within the time allowed by law. The court overruled the motion, but ordered that the answer should stand filed as of the first Monday of May, 1886, that being the time the answer should have been filed under the law. On October 8th, less than five months after the time the answer was in fact filed, the cause was set down for hearing by complainants, and a decree was rendered directing the mortgage to be foreclosed for the payment of the mortgage debt. From that decree defendants appealed, assigning as error the action of the court in ordering the answer to stand filed as of the first Monday in May, and the refusal of the court to dismiss the bill at the hearing.

APPEALED from Chancery Court, Tunica county, J. G. HALL, Chancellor.

Affirmed, May 3, 1886.

*Attorney for appellant, Calvin Perkins.*

*Attorneys for appellee, St. John Waddell and L. Brame.*

analogous in this respect to the verdict of a jury. Partee *v.* Bedford, 51 Miss. 84.

7. In a case depending upon facts, where the evidence is conflicting and the mind cannot repose with confidence upon a conclusion in favor of either party, this court will not disturb a decree. Wilson *v.* Beauchamp, 50 Miss. 24; Valentine *v.* McGrath, 52 Miss. 112; Randall *v.* Yates, 48 Miss. 685; Harrington *v.* Allen, 48 Miss. 492.

2

1. A demurrer was disallowed, and a reasonable time given to the defendant to answer; no answer was filed for ten months and then complainant proposed to take a *pro confesso,* and the defendant asked leave to file his answer: *Held,* that the court before admitting the answer to be filed should demand the most conclusive showing of the causes for the delay, accompanied by a meritorious answer. The answer must accompany the application in such a case. Pattison *v.* Josselyn, 43 Miss. 373.

2. When the defendant has not filed his answer in time, and asks for additional time in which to file it the court in granting leave may impose as a condition that the answer when filed shall be considered as filed of the term at which the leave was granted so as to enable the complainant to set the cause for hearing after the expiration of five months from the date of the order, without being compelled to admit that the answer is true. Reynolds *v.* Nelson, 41 Miss. 83.

Brief of Calvin Perkins:

The question is, when may an answer, without permission of court, be filed? We reply, under section 1889 of the Code, at any time before a *pro confesso* has been taken. That section requires a defendant who has been cited to a rule day, to answer on or before the next succeeding rule day. "And if the defendant shall fail to answer at the time required, as aforesaid, the complainant's bill may then, or at any time afterward, before plea, demurrer, or answer is filed, be taken as confessed." The meaning of which is, that a *pro confesso* may be taken at the rule day succeeding the one to which the defendant has been cited, or at any time afterward, provided an answer, plea, or demurrer has not been filed in the meantime. The *proviso* impliedly admits the right to file the answer at any time before a *pro confesso* has been taken. To hold the contrary, would be to hold that if the defendant should permit the rule day following the one to which he has been cited, to pass without answering, that then he would have to wait until the next term of the court and obtain the court's permission before he could answer. The practice has uniformly been otherwise.

The lower court assumed that the defendants had no right to file an answer after the first Monday in May, consequently that at the October term it could treat the case as though no answer had been filed; if it was right in that assumption, then it *could* impose such terms in its discretion as it saw fit; but if the right to appear and file an answer on the nineteenth day of May was not dependent on the permission of the court, then the defendants, at the October term, were not suppliants for the court's bounty, and stood upon their strict legal rights, unhampered by any conditions which the court might seek to impose upon them.

The refusal on the part of the court to sustain the motion to strike from the files was a confession that the answer was rightfully filed. It was a very illogical decision to overrule the motion and at the same time order that the answer should stand filed as of the first Monday in May.

The only cases cited to the chancellor were those of Reynolds v. Nelson, 41 Miss. 83; Pool v. Hill, 44 Miss. 306, and McAdory v. Turner, 66 Miss. 667; the two latter were cases at law, the former was a case where the court had granted leave to the defendant to answer within a given time as of the term at which the leave

was granted. In that instance the court was in a position to impose terms; it had overruled the defendant's demurrer, and in granting him time to answer made it a condition of the grant that the answer, when filed, should stand as though filed at a certain date.

In the law cases, the question was whether the Circuit Court Pleading Act (Code of 1867, p. 603, art. 160; Code 1871, § 631, and Code of 1880, § 1703) placed it beyond the power of the court to allow time to plead after the imparlance term. Neither that question nor the statute under which it was raised is sufficiently analogous to the question and statute now under consideration to furnish any guide to us in reaching a conclusion.

The one statute is that "the defendant shall plead on or before the second day of the term or within such other time as the court may allow, and that for want of such plea judgment by default may be entered. And that the court shall require that the issues of fact be made up at the imparlance term. This statute not only requires the defendant to plead on of before the second day, but it is otherwise so worded as to give plausibility to the construction that under it the court has no power to allow the defendant to plead out of time, even though a good excuse be made for not pleading sooner. It would be impossible to draw the implication from that statute that a defendant might plead after the second day without permission of the court — might plead at any time before a judgment by default had been taken. Not only are sections 1703 and 1889 of the Revised Code distinguished by being part of two systems of procedure radically different, but section 1889 contains no such direction to the Chancery, as to the Circuit Court, to see that an issue of fact is made up by a certain time.

The complainant in the chancery cause cannot complain that the construction contended for operates to delay the progress of his suit; if he fails to take his *pro confesso* at the proper time the suit is delayed by his *laches;* the policy of the law is general, and of this statute (1889) in particular, is that complainants shall be prompt in proceeding with their causes, as well as that defendant shall answer promptly. By failing to answer on or before a certain day the defendant runs the risk of having the complaint taken for confessed, and by failing to take his *pro confesso* at the earliest time permissible, the complainant runs the risk of having an answer put in; the right given to each party forces the other

to be prompt. This reasoning applies with greatest force where the defendant has been cited to a rule day; the clerk, at rules, has no power to extend the time for answering (Code, § 1816), so that the defendant's only opportunity for an extension is the failure of the complainant to take a *pro confesso*.

We conclude then, that on the nineteenth day of May, no *pro confesso* having been taken or applied for, the defendants had a right to file their answer as of course, without the permission of the court, and that under section 1941 of the Code, the complainant, having set the cause for hearing before five months from the filing of the answer had elapsed, thereby admitted the answer to be true. And so, at the hearing, it was proven by competent evidence that the mortgage debt had been paid in full — the defendants needed no other proof — the bill should have been dismissed.

Brief of St. John Waddell:

The chancellor in this case was simply acting under the general power given him by law to control all pleadings in his court so as to prevent delay and injustice.

Section 1881 of the Code of 1880, speaking of amendments in the Chancery Court says: "Amendments shall be allowed in the pleadings and proceedings on liberal terms to prevent delay and injustice."

Again this court has said in the case of Kimbrough *v.* Curtis et al., 50 Miss. 117, that "The practice in the State under the liberal rules of amendments of pleadings authorized by statute is to entrust to the courts of original jurisdiction a very large discretion over the pleadings." See case cited, Smith *v.* Harrington, 49 Miss. 771.

Now let us see from the record if the chancellor had any grounds to act upon in ordering the answer refiled as of the first Monday in May, 1885, so as to prevent "delay." Appellants were cited to answer on first Monday in April. Under the statute (§ 1889, Code of 1880), they had until the first Monday in May in which to file their answer, but they did not answer until the nineteenth, or just fifteen days after the first Monday in May. Now had they answered as required by law, on the 1st Monday in May, 1885, then the five months allowed by section 1941, Code of 1880, for taking depositions would have expired by the October term, 1885, of the Chancery Court, and appellee could have set his cause down for hearing and obtained his decree. But at this term

of court, appellants must have sought to "tide over" by delaying the filing of their answer for fifteen days and their filing merely a delay plea of payment. Thus it is seen that the act of appellants in delaying their answer for fifteen days would have worked a great delay and hardship on appellee for as the answer stood he could not have set the case for hearing as the five months would not have expired until after court would have adjourned and consequently he would have had to wait six months longer for a decree for his money. Therefore, to prevent this delay and hardship on appellee, the chancellor in the exercise of the discretion imposed on him by law, and by virtue of his authority to control the proceedings in his court, ordered the answer refiled as of the first Monday in May, the time when it should have been filed under the law.

To this action of the chancellor the appellants excepted, but they make no showing of any injury resulting to them from such ruling. They make no application for a continuance. They do not show that they could change the result of the hearing of the case at a future time, nor do they make any excuse for not answering on or before the first Monday in May, but rest upon the delay gained by failing to answer within the time required by law.

It is contended that this court cannot judge of this question as the lower court did who acted with all the facts, parties, and circumstances of the case before him, in the exercise of his discretion in such matters, and that this court will not reverse the lower court unless it plainly appears that injustice has been done, for it is presumed that the chancellor acted rightly under all the facts and circumstances unless the contrary plainly appears. Bryant *v.* Rosenbaum, 62 Miss. 191.

Counsel for appellants insist that as a *pro confesso* was not taken that the right to answer continued unprejudiced. We think that this is error for this reason. Section 1889, Code of 1880, says that answer *shall* be filed on or before the rule day succeeding the one to which process is returnable. This language is positive, and negatives the idea that a defendant can answer when he chooses. Also section 1890 of Code of 1880 says that additional time to answer may be allowed by the court on cause shown. These two sections construed together must mean that a defendant must answer in the time required by law, and if he fail to do so, then his answer is under the control of the court, who is invested with

discretionary power over it to prevent delay and undue advantage. See sections above referred to. McAdory v. Turner et al., 56 Miss. 666; Pool v. Hill, 44 Miss. 306.

Again, counsel for appellant contends that appellee was guilty of laches in not taking *pro confesso* on first Monday of May. This position is manifestly wrong, for appellants had all of that day in which to file an answer, and a *pro confesso* could not have been entered until the first Monday in June, as the clerk is only authorized to enter decrees of confession on rule days. See section 1815, Code of 1880. And, therefore, appellee could not take a decree *pro confesso* in vacation. We contend that the chancellor acted with all of the circumstances and facts of the case before him, and such as of necessity cannot be presented to this court by the record, and as no showing has been made of any injury to appellant by the chancellor's ruling, this court will not disturb the decree, as it is presumed the grounds upon which his ruling was based were ample and sufficient.

Brief of L. Brame:

It is true that there is no express provision, as in the Circuit Court Law, that issues shall be made up in the Chancery Court ready for trial at the second term, but, construing the several sections which relate to this subject together, two objects are manifest:

1. That both complainant and defendant shall have *five months* within which to take testimony before the hearing.

2. That either party may *compel* a hearing as soon as the five months shall expire.   *   *   *

If a defendant refuses or neglects to answer within the time allowed by the statute or the express leave of court, it ought to be sufficient for his temerity that the complainant does not avail of the right to take a *pro confesso*. If the complainant is thus lenient, the defendant should congratulate himself that he has not been summarily disposed of; certainly he ought not to avail of the complainant's liberality and at the same time take advantage of his own default, thereby placing the complainant in a worse condition than if he had obeyed the law by filing his answer in time.   *   *   *

The provision in section 1889 that the complainant may take a decree *pro confesso* at the time stated, " *or at any time afterward, before plea, demurrer or answer is filed,*" is not intended to allow

the defendant to answer at any time with impunity.  The main object is to prevent complainant from being debarred from taking the *pro confesso* merely by reason of the fact that he does not see proper to take it at the first opportunity.   *   *   *

*   *   *   In construing the statutes and settling matters of practice, the court will be greatly influenced by considerations of what would be the best policy.  In no way can the general objects of the law as above stated be accomplished than by the construction adopted by the chancellor.

OPINION.— ARNOLD, J.:

The answer of appellants was filed out of time, and it was subject on that account to be stricken from the file on motion.

If it had been so stricken out, leave should have been granted, on proper showing, to have refiled the answer upon reasonable terms.

In effect this is what was done, and as it does not appear that any injustice was occasioned by the action of the court, the decree of the chancellor is

*Affirmed.*